Argued and submitted on April 4, reversed and remanded May 7, 2008

Lyle E. PIERSALL,
*Plaintiff-Appellant,*

*v.*

HILTI, INC.,
an Oklahoma corporation,
dba Hilti USA, Inc.,
*Defendant-Respondent.*

Marion County Circuit Court
05C13984; A133988

184 P3d 1162

J. Michael Alexander argued the cause for appellant. With him on the briefs was Swanson, Lathen, Alexander & McCann, PC.

Michael T. Stone argued the cause for respondent. With him on the brief were Barbara L. Johnston and Brisbee & Stockton LLC.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Plaintiff appeals from a judgment of dismissal, following the allowance of summary judgment against claims of strict product liability and negligence. A description of the facts would be of no benefit to the public, the bench, or the bar. Plaintiff contends, *inter alia*, that his submission of an affidavit under ORCP 47 E[1] presented disputed issues of material fact as to his allegations of defective product design and inadequate product warnings and instructions, precluding summary judgment. We agree. *See generally Benjamin v. Wal-Mart Stores, Inc.*, 185 Or App 444, 61 P3d 257 (2002), *rev den*, 335 Or 479 (2003).

Reversed and remanded.

---

[1] ORCP 47 E provides:

"Motions under this rule are not designed to be used as discovery devices to obtain the names of potential expert witnesses or to obtain their facts or opinions. If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit or a declaration of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion. The affidavit or declaration shall be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually been retained by the attorney who is available and willing to testify and who has actually rendered an opinion or provided facts which, if revealed by affidavit or declaration, would be a sufficient basis for denying the motion for summary judgment."